*Revised January 2018*

Magistrate Judge Robert M. Levy
Brooklyn Courthouse
Telephone: 718-613-2340
Fax: 718-613-2345
Fax Page Limit: None listed
Contact: Janine Marino
Telephone: 718-613-2340
Hours: None listed

*Motions Returnable*: Set by the court.

Unless otherwise ordered in a specific case, matters before Judge Levy shall be conducted in accordance with the following practices:

1.  **Electronic Case Filing (ECF)**

    A.  All documents must be filed electronically.   Regardless of the district judge assigned, all documents directed to Judge Levy must be filed electronically via the Court's Electronic Case Filing System, pursuant to Administrative Order 2004-08.   ECF procedures are available from the district court's website, http://www.nyed.uscourts.gov.   For questions, regarding filing ECF documents you may call the Court's Docket Section at (718) 613-2610.   ECF training may be scheduled by calling Evelyn Levine at (718) 613-2312.

    B.  **Notification and Orders by the Court:** Attorneys will receive notifications from the Court electronically.   Hard copies will not be mailed to attorneys registered for ECF.   Accordingly, attorneys are responsible for keeping their e-mail addresses current with the Clerk's Office.   Attorneys are responsible for ensuring that they are registered with the Clerk's Office to receive e-mail notifications in each and every matter in which they appear before Judge Levy.   For assistance, you may call (718) 613-2610.

    C.  **Exemptions:** Litigants proceeding *pro se* are exempt from ECF requirements. Requests by attorneys for an exemption to the mandatory ECF policy must be submitted to Judge Levy within two weeks of the date of the Initial Conference Order, and must set forth good cause hardship reasons that state the specific technological or other reason why counsel is not able to participate in ECF.   Such requests will be granted only in limited circumstances.

2. ***Communications With Chambers***

   A. ***Letters.*** *Except for parties proceeding pro se*, all communications with chambers shall be filed via ECF. Do not mail, fax or hand-deliver hard copies of electronic filings or correspondence between counsel to chambers unless prior authorization is obtained from chambers. All correspondence must have case name, docket number, and initials of judges assigned to the case.

   B. ***Telephone Calls.*** In addition to Paragraph 2(D) below, telephone calls to chambers are permitted. For scheduling or calendar matters, call chambers at the number listed above.

   C. ***Faxes.*** Faxes to chambers are not permitted unless prior authorization is obtained. Hard copies of faxes to chambers shall not be sent without permission from chambers.

   D. ***Scheduling and Calendar Matters***. For scheduling and calendar matters, call Janine Marino at (718) 613-2340.

   E. ***Requests for Adjournments or Extensions of Time***. All requests for adjournments or extensions of time must be made in writing (in letter form) and electronically filed under "*Motions*" and not as a "*Letter*" under "Other Documents." The letter must state (1) the original date of the conference or deadline (2) the reason for the request, (3) how much additional time is needed, (4) the number of previous requests for adjournment or extension, (5) whether these previous requests were granted or denied, and (6) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, **a proposed Revised Scheduling order** must be included. **If the request is for an adjournment of a court appearance, absent emergency it shall be made at least 2 business days prior to the scheduled appearance. Please do not call chambers to request an adjournment of a court date except in case of an emergency.**

3. ***Motions***

   A. ***Judge to Whom Motions Are to Be Made***: Unless otherwise specifically ordered, all non-dispositive pretrial motions are to be made to Judge Levy. All dispositive motions (e.g., motions to dismiss, change venue, and for summary judgment) are to be made to the presiding District Judge in accordance with his or her individual rules.

B.     ***Discovery Motions***: For discovery motions, follow Local Civil Rules 37.3 and 6.4.

C.     ***Cases In Which Parties Have Consented to Judge Levy***: The parties may consent, in writing, to refer a civil case to Judge Levy for all purposes, including the entry of judgment, or for the limited purpose of a dispositive motion or approval of a settlement or infant compromise. See 28 U.S.C. § 636(c)(1). In such cases, a pre-motion conference with Judge Levy is required before making any dispositive motion, unless the moving party is not represented by counsel, or the case stems from a habeas corpus/prisoner petition or social security or bankruptcy appeal. The pre-motion conference may be conducted by telephone with the permission of the Court.

       I.     To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three (3) pages in length setting forth the basis of the anticipated motion. All parties so served must serve and file a letter response, not to exceed three (3) pages within seven (7) days of the service of the notification letter. Service of the letter by the moving party within the time requirements of Rule 12 of the Federal Rules of Civil Procedure shall constitute timely service of a motion made pursuant to Federal Rule of Civil Procedure 12(b).

       ii.     *Courtesy Copies*. Courtesy copies of all motion papers, marked as such, should be submitted to chambers.

       iii.     *Memoranda of Law*. The court expects counsel to exercise their professional judgment as to the length of briefs **and may impose limits if that expectation is not met.**

       iv.     *Filing of Motion Papers*. Motion papers shall be filed promptly after service.

       v.     *Oral Argument on Motions*. Parties may request oral argument by letter at the time their moving, opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

       vi.     A pre-motion conference is not required before making any of the motions described in Federal Rules of Appellate Procedure 4(a)(4)(A). These motions should be filed when served.

4. **_Pretrial Procedures in Consent Cases_**

    A.     ***Joint Pretrial Orders in Civil Cases where Parties Consent to Trial before a Magistrate Judge***.  Unless otherwise ordered by the Court, within 60 days after the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval a joint pretrial order.   All joint pretrial orders shall include the following:

        i.     The full caption of the action.

        ii     The names, addresses (including firm names) and telephone and fax numbers of trial counsel.

        iii.     A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.   Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

        iv     A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

        v.     A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

        vi.     Any stipulation or agreed statements of fact or law which have been agreed to by all parties.

        vii.     A list by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.   Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

        viii.     A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

        iv.     Exhibits

            1)     A schedule listing exhibits to be offered in evidence and if not

˘4˘

admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly describe the bases for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues of authenticity, chain of custody and related grounds. Failure to object in the pretrial order waives all objections at trial, except objections as to relevance. Meritless objections based on these grounds may result in the imposition of sanctions. Only exhibits listed will be received in evidence except for good cause; and

2) All exhibits must be premarked for the trial and exchanged with the other parties at least ten days before trial. Where exhibits are voluminous, they should be placed in binders with tabs.

B. ***Filings Prior to Trial in Civil Cases***. Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

   i. Requests to charge and proposed voir dire questions. Requests to charge should be limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the court.

   ii. By claim, a detailed statement regarding damages and other relief sought.

   iii. In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element.

   iv. In all cases, motions addressing any evidentiary or other issues which should not be resolved in limine; and

   v. In any case where such party believes it would be useful, a pretrial memorandum.